# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

JACQUELINE GIBSON,

        Plaintiff,

vs.

FREEMAN EXPOSITION, *et al.*,

        Defendants.

Case No. 2:19-cv-02198-RFB-VCF

**ORDER**

APPLICATION TO PROCEED IN FORMA PAUPERIS (EFC NO. 2) AND COMPLAINT (ECF NO. 2-1)

Before the Court are pro se plaintiff Jacqueline Gibson's application to proceed in forma pauperis (ECF No. 2) and complaint (ECF No. 2-1). Gibson's in forma pauperis application is granted and she may proceed in this action

## DISCUSSION

Gibson's filings present two questions: (1) whether Gibson may proceed in forma pauperis under 28 U.S.C. § 1915(e) and (2) whether Gibson's complaint states a plausible claim for relief.

**I.    Whether Gibson May Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Gibson's application to proceed in forma pauperis includes a declaration under penalty of perjury that plaintiff is unable to pay the costs of these proceedings. (ECF No. 2). Plaintiff declares that she earns $714.14 per week in wages; that she has $100 in her bank account; and that she has various monthly expenses such as rent, utilities and debt in collections. (*Id.*) Plaintiff's application to proceed in forma pauperis is granted.

//

**II.     Whether Gibson's Complaint States a Plausible Claim**

Section 1915 also requires that if the Court grants an application to proceed in forma pauperis, the Court must review plaintiffs' complaint to determine whether the complaint is frivolous, malicious, fails to state a claim on which the Court may grant relief, or if the complaint seeks damages against a defendant who is immune from that relief. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief" must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). Though "[n]o technical form is required for complaints" (Fed. R. Civ. P. 8(a)), "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. …If doing so would promote clarity, each claim founded on a separate transaction or occurrence…must be stated in a separate count or defense" (Fed. R. Civ. P. 10(b)). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Gibson's complaint alleges that her previous employer, Freeman Expositions Inc., discriminated against her based on race (African American) and age (over 60). (ECF No. 2-1 at 6). Gibson states she is a trained forklift driver, and she alleges that her co-workers and supervisors made multiple racial

2

comments about her (using the word "black" repeatedly as a "slurs toward her"). (*Id.* at 10). After the employees subjected her to "racial discriminating words" they told her she needed to take multiple drug tests. (*Id.*) She alleges that her employer did not schedule her for another job for several days even though it scheduled her co-workers for available work. (*Id.*) Gibson alleges that when her employer scheduled her for work a few days later, a Caucasian man told her that the company terminated her when she arrived at work, but never showed her the results of the drug test. (*Id.* at 9). Gibson alleges that the supervisors fired her due to the racial comments they made about her. (*Id*.) Gibson also alleges that the company did not want her to operate a forklift based on her age, because she is over 60, and that other forklift operators were "younger." (ECF No. 2-1 at 19).

Gibson brings discrimination claims against her former employer Freeman Expositions Inc., under Title VII., Age Discrimination in Employment Act of 1967 (29 USC Sections 621 to 634), and Nevada Revised Statute 613. (*Id*. at 3). Plaintiff alleges her claims are timely, that she exhausted her federal administrative remedies when she filed a charge with the Equal Employment Opportunity Commission, and she states the EEOC issued a right a sue letter. (*Id*. at 11).

The Court has jurisdiction over Gibson's claims, as they arise under federal law. 28 U.S.C. § 1331. Title VII states it is unlawful for employers to discriminate based on race. 42 U.S.C. § 2000e-2(a). "To establish a prima facie case under Title VII, a plaintiff must offer proof: (1) that the plaintiff belongs to a class of persons protected by Title VII; (2) that the plaintiff performed his or her job satisfactorily; (3) that the plaintiff suffered an adverse employment action; and (4) that the plaintiff's employer treated the plaintiff differently than a similarly situated employee who does not belong to the same protected class as the plaintiff." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006). "In order to establish subject matter jurisdiction over her Title VII claim, Plaintiff was required to exhaust her administrative remedies…by filing a timely charge with the EEOC, or the

3

appropriate state agency, thereby affording the agency an opportunity to investigate the charge." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002), *as amended* (Feb. 20, 2002), *citing* 42 U.S.C. § 2000e–5(b).

The Age Discrimination in Employment Act and NRS 613.330 make it unlawful for an employer to discriminate against an individual because of the individual's age. 29 U.S.C. § 623(a)(1); NRS 613.330(1)(a). "Each plaintiff can establish a prima facie case of disparate treatment by demonstrating that he was (1) at least forty years old, (2) performing his job satisfactorily, (3) discharged, and (4) either replaced by substantially younger employees with equal or inferior qualifications or discharged under circumstances otherwise 'giving rise to an inference of age discrimination.'" *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (*quoting Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1281 (9th Cir. 2000)). The Court has supplemental jurisdiction over Gibson's state law discrimination claim (NRS 613) because Gibson has demonstrated that the Court has jurisdiction over her Title VII claims. 28 U.S.C. § 1367(a).

Plaintiff alleges that coworkers and supervisors made racial comments about her being "black" and that she was shortly thereafter terminated. She alleges that she performed her job satisfactorily. Plaintiff alleges that her employer had "younger" forklift operators and discriminated against her because she is over 60. Plaintiff also alleges that she timely exhausted her federal administrative remedies. Plaintiff alleges that she has lost benefits and is entitled to damages based on her former employer's actions. (ECF No. 23). Read liberally, plaintiff states colorable claims for discrimination under Title VII, 29 USC Sections 621 to 634, and NRS 613.

//

ACCORDINGLY,

IT IS ORDERED that plaintiff Gibson's application to proceed in forma pauperis (ECF No. 2) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall file the complaint (ECF No. 2-1).

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED.

DATED this 22nd day of January 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE